## STATE OF CONNECTICUT *v.* THOMAS METZ
### (AC 25721)

Dranginis, Gruendel and Peters, Js.

Argued September 12—officially released November 1, 2005

*Bruce R. Lockwood,* assistant state's attorney, with whom, on the brief, were *David I. Cohen,* state's attor-

ney, and *Steven G. Weiss*, supervisory assistant state's attorney, for the appellant (state).

*Monte P. Radler*, public defender, for the appellee (defendant).

*Opinion*

PER CURIAM. In this case, which comes to us by way of a reservation, the issue is the constitutionality of General Statutes § 17a-593 (c),[1] pursuant to which a court may order a person who has been acquitted of a crime because of mental disease or defect to be recommitted to the psychiatric security review board for continued hospitalization. The statute permits the total term of commitment for hospitalization to be greater than the term of incarceration to which the defendant would have been exposed had he been convicted of the underlying crime. In light of *State* v. *Long*, 268 Conn. 508, 847 A.2d 862, cert. denied, 543 U.S. 969, 125 S. Ct. 424, 160 L. Ed. 2d 340 (2004), we conclude that the statute is constitutional and answer each of the reserved questions, "No."

The defendant, Thomas Metz, originally was charged with assault of a victim sixty or older in the second degree in violation of General Statutes (Rev. to 1999) § 53a-60b, a class D felony, and with interfering with an officer in violation of General Statutes § 53a-167a, a class A misdemeanor. The trial court, *Buzaid, J.*, found the defendant not guilty by reason of mental disease or defect and committed him to the custody of the commissioner of mental health and addiction

---

[1] General Statutes § 17a-593 (c) provides: "If reasonable cause exists to believe that the acquittee remains a person with psychiatric disabilities or mentally retarded to the extent that his discharge at the expiration of his maximum term of commitment would constitute a danger to himself or others, the state's attorney, at least one hundred thirty-five days prior to such expiration, may petition the court for an order of continued commitment of the acquittee."

services, pursuant to General Statutes § 17a-582 (e) (1), for the maximum allowable period of six years. At the expiration of this period, relying on a recommendation made by the psychiatric security review board (board), the state filed a petition for the continuation of the defendant's commitment, pursuant to General Statutes § 17a-593 (c). The court, *Bingham, J.*, denied the defendant's motion to dismiss the petition and granted the state's petition to extend the defendant's commitment.

In *State* v. *Metz*, 230 Conn. 400, 645 A.2d 965 (1994), our Supreme Court vacated the order extending the defendant's commitment. It held that to justify a period of recommitment under § 17a-593 (c), the state must show "by clear and convincing evidence that the acquittee is currently mentally ill and dangerous to himself or herself or others or gravely disabled." *State* v. *Metz*, supra, 425. The court stayed its order to enable the state "to ask the trial court for a new hearing at which the state will bear the burden of proving the defendant's continued insanity and dangerousness." Id., 426.

On remand, before the case was returned to court, the board held a new hearing. In a report dated October 12, 2001, it again recommended that the state's petition for recommitment be granted because the defendant continued to have a psychiatric disability so that "his discharge . . . would constitute a danger to himself and others." This updated report described a hearing held a month earlier at which the board had heard the testimony of a clinical psychologist and a psychiatrist working at the Whiting Forensic Division of Connecticut Valley Hospital. Counsel for the defendant attended this hearing. Each of the witnesses described conduct of the defendant that led them to conclude that the defendant was gravely disabled and continued to be a

danger to himself and to others.[2] After a further review held on November 15, 2002, the board recommended a five year extension of the defendant's commitment.[3]

The state then returned to the Superior Court for a hearing on the state's renewed petition for recommitment and the defendant's renewed motion to dismiss. In his motion, the defendant maintained that the recommitment procedure authorized by § 17-593 (c) was unconstitutional because (1) it differed from the statutory procedures that govern civil commitments and (2) successive petitions could put a mentally disabled petitioner at risk of an infinite period of confinement. For these reasons, he argued that the statute violated his constitutional rights to due process and equal protection of the laws.[4]

With the agreement of the parties, the trial court, *Hon. Samuel S. Freedman,* judge trial referee, reserved questions of law with respect to the defendant's recommitment for decision by our Supreme Court. The reservation noted that certain cases pending before the Supreme Court would have a direct bearing on the legal issues in this case. One of these cases was *State* v. *Long,* which the court decided last year. *State* v. *Long,* supra, 268 Conn. 508. The Supreme Court then transferred the present appeal to this court.

The dispositive issue before us is whether this case is governed by *Long.* We hold that it is.

---

[2] A clinical psychologist retained by the defendant found that the defendant met the current criteria for civil commitment under Connecticut law.

[3] The defendant's mental condition has been periodically monitored. The board itself has held mandatory hearings every two years and has received reports every six months from Connecticut Valley Hospital's Whiting Forensic Division. The most recent report contained in the record, dated November 20, 2002, describes the defendant as experiencing "a deteriorating course" including instances of physical assault and extremely low frustration tolerance.

[4] Notably, the defendant did not argue that the state failed to meet its burden of proof about the seriousness of his continued disability.

Like the present case, *Long* concerned the constitutionality of the recommitment of a person with a mental disability to the psychiatric security review board for a period of time greater than that specified as the maximum sentence for his misconduct under our criminal law. The court held that, on the proper factual record, such recommitment did not violate the right of an acquittee to due process or to equal protection of the laws. Id., 516–17. The court recognized that our statutes provide for the disparate treatment of acquittees and civilly committed inmates. Acquittees do not have the right to mandatory judicial review procedures to which civilly committed inmates are entitled. Id., 530. The court held that this distinction was justified by the board's expertise[5] and by the reduced likelihood of erroneous commitment of someone who himself had pleaded his mental illness as a defense to a criminal prosecution. Id., 536–37.

Without challenging the Supreme Court's rationale, the defendant argues that *Long* is distinguishable because, in that case, the acquittee's mental status had in fact been the subject of judicial review almost as often as if his status had been governed by the civil commitment statutes. In the absence of such a history in his case, the defendant claims that his constitutional rights have been violated. As applied to him, he maintains, § 17a-593 (c) is unconstitutional.

This argument presupposes that the defendant was foreclosed from initiating judicial review of the validity of his commitment. That is not the case. General Statutes § 17a-593 (a) provides in relevant part that "[t]he board . . . may recommend to the court the discharge of the acquittee from custody *or the acquittee may*

---

[5] The court noted that "the board has general and specific familiarity with all acquittees beginning with their initial commitment and, therefore, is better equipped than courts to monitor their commitment." *State* v. *Long,* supra, 268 Conn. 536.

*apply directly to the court for discharge from custody. . . ."*[6] (Emphasis added.) The defendant does not claim that he had a constitutional right to express notice of his right to "apply directly to the court." He has been represented by counsel since 1994.

We conclude, therefore, that we must answer the reserved questions as follows.

Question I: "Whether General Statutes § 17a-593 (c), which allows the state to petition the court to extend the commitment to the jurisdiction of the psychiatric security review board of an individual who was acquitted by reason of mental disease or defect beyond the maximum period of confinement set out in General Statutes § 17a-582 (e) (1) (A) violates the principles of equal protection under article first, § 20, of the Connecticut constitution?" Answer: No.

Question II: "Whether General Statutes § 17a-593 (c), which allows the state to petition the court to extend the commitment to the jurisdiction of the psychiatric security review board of an individual who was acquitted by reason of mental disease or defect beyond the maximum period of confinement set out in General Statutes § 17a-582 (e) (1) (A), violates the principles of equal protection under the fourteenth amendment to the United States constitution?" Answer: No.

Question III: "Whether General Statutes § 17a-593 (c), which allows the state to petition the court to extend the commitment to the jurisdiction of the psychiatric security review board of an individual who was acquit-

---

[6] In its entirety, General Statutes § 17a-593 (a) provides: "The board, pursuant to section 17a-584 or 17a-592, may recommend to the court the discharge of the acquittee from custody or the acquittee may apply directly to the court for discharge from custody. The court shall send copies of the recommendation or application to the state's attorney and to counsel for the acquittee. An acquittee may apply for discharge not more than once every six months and no sooner than six months after the initial board hearing held pursuant to section 17a-583."

ted by reason of mental disease or defect beyond the maximum period of confinement set out in General Statutes § 17a-582 (e) (1) (A) violates the principles of due process under article first, § 8, of the Connecticut constitution?" Answer: No.

No costs will be taxed in this court to either party.